UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CRESS,

        Petitioner,

                                        File No.  5:04-CV-159

v.

                                        HON. ROBERT HOLMES BELL

CARMEN PALMER,

        Respondent.

                                        /

## O P I N I O N

This matter is before the Court on Petitioner Thomas Cress' objections to the October 7, 2004, Report and Recommendation ("R&R") of the Magistrate Judge. Petitioner asserted three grounds for habeas corpus relief: the prosecutor's willful destruction of evidence in the state court proceeding, the state court's inadequate post-conviction review of certain evidence, and his own actual innocence of the crime charged. The Magistrate Judge recommended that the petition be denied because it was barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). Alternatively, the Magistrate Judge recommended that the petition be dismissed for failure to allege a cognizable claim for habeas corpus review. Petitioner objects to both grounds for denial in the R&R. For the reasons stated below, the Court overrules the objections.

I.

After the Magistrate Judge issued the R&R, the Sixth Circuit issued an opinion in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). In *Souter*, the Sixth Circuit addressed the issue of whether an untimely petition for writ of habeas corpus was, nonetheless, subject to equitable tolling where the petitioner asserts a claim of actual innocence. 395 F.3d at 585. The Sixth Circuit, applying *Schlup v. Delo*, 513 U.S. 298 (1995), concluded that the one-year statute of limitations was subject to equitable tolling. *Id*. at 589. "[W]here an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id*. at 602.

Petitioner contends that the evidence supporting his claim of actual innocence is sufficient under *Souter* to equitably toll the statute of limitations. The Court will assume that Petitioner is entitled to equitable tolling of the limitations period. Thus it will not address Petitioner's objections to the Magistrate Judge's application of § 2244(d)(1) to his petition and will proceed to the merits of Petitioner's claims. Even assuming equitable tolling applies, the petition must be denied on its merits because Petitioner has failed to allege a cognizable claim for federal habeas corpus review.

II.

The Anti-Terrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT.

1214 ("AEDPA") dictates the standard of review for Petitioner's application for a writ of habeas corpus. The AEDPA provides in pertinent part,

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under the AEDPA "clearly established Federal law" is limited to "the holdings, as opposed to the dicta," of the decisions of the United States Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000), *see also Smith v. Stegall*, 385 F.3d 993 (6th Cir. 2004) ("As is dictated by the statute, we may not look to lower federal court decisions in deciding whether the state decision is contrary to, or an unreasonable application of clearly established federal law.") (quoting *Doan v. Brigano*, 237 F.3d 722, 729 (6th Cir. 2001) (quotation marks omitted); *Bailey v. Mitchell*, 271 F.3d 652 (6th Cir. 2001).

Petitioner first argues the Magistrate Judge wrongly concluded that Petitioner's claim of prosecutorial destruction of evidence was unreviewable on habeas corpus review. In his original petition, Petitioner argued that the state court incorrectly applied two United States Supreme Court decisions regarding destruction of evidence, *California v. Trombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988). The Magistrate Judge determined that *Trombetta* and *Youngblood* were not applicable because they involved the

3

destruction of evidence prior to a criminal trial. In this case, the evidence was not destroyed until 1992, four years after Petitioner's leave to appeal was denied by the Michigan Supreme Court and his conviction became final; and five years before he sought collateral relief from the judgment. The Magistrate Judge concluded that *Trombetta* and *Youngblood* did not clearly establish that the prosecutor's destruction of evidence after a defendant's conviction became final violated the Due Process Clause.

In his objections, Petitioner contends that *Trombetta* and *Youngblood* are applicable to this case. The Court does not agree. The Magistrate Judge properly concluded that the United States Supreme Court has not clearly established that post-conviction destruction of evidence is a due process violation. Therefore, such a claim is not cognizable on federal habeas corpus review. The two Supreme Court cases cited by Petitioner addressed destruction of evidence *prior* to a criminal trial. *Trombetta*, 467 U.S. at 482-83; *Youngblood*, 488 U.S. at 53-54. That is not the case here. In addition, there is nothing in either decision extending the principles outlined in each case to post-conviction destruction of evidence. As such, it cannot be argued that *Trombetta* and *Youngblood* "clearly establish" that post-conviction destruction of evidence is a due process violation. Petitioner's citation to the decisions of other federal circuit and state court decisions recognizing this novel claim and other analogous situations are inapposite. *See Williams v. Coyle*, 260 F.3d 684, 703 (6th Cir. 2001) ("We are not permitted to rely on Supreme Court cases decided after the [state] court's decision, *nor are we permitted to rely on any decision by any court other than the Supreme*

*Court*.") (emphasis added). Accordingly, Petitioner's first claim is not cognizable on habeas corpus review and his objection is overruled.

Petitioner next contends that the state court violated his Due Process rights during the post-conviction collateral proceedings. The Magistrate Judge held that this claim failed because habeas corpus relief is not proper for alleged errors in a post-conviction proceeding. The Magistrate Judge properly analyzed this claim. There is no right to collaterally attack a criminal conviction in the state courts. *See Murray v. Giarratano*, 492 U.S. 1, 10-11 (1989) (plurality); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *United States v. MacCollom*, 426 U.S. 317, 323 (1976) (plurality). Moreover, the Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review. *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986); *see also Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002) ("[E]rror committed during state post-conviction proceedings can not provide a basis for federal habeas relief. Therefore, these allegations are not cognizable on habeas review."). Accordingly, Petitioner is unable to obtain habeas corpus relief based upon errors in the state post-conviction proceeding and his objection is overruled.

Petitioner's final ground for habeas relief is his claim that he is actually innocent of the murder for which he was convicted. The Magistrate Judge determined that this claim also failed because "claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation . . . ."

*Cress v. Palmer*, 5:04-CV-159, Magistrate Judge's Report and Recommendation (Docket #4) (Oct. 7, 2004). Petitioner's objections to this conclusion are unavailing.

While the Supreme Court has held that an actual innocence claim can be asserted "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Souter*, 395 F.3d at 588 (quoting *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995)). It has never held that a petitioner may obtain habeas relief based solely on a claim of actual innocence. *See Schlup*, 513 U.S. at 315 (Actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."). In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court clearly held, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."

In this case, the Magistrate Judge noted that Petitioner's claim of innocence was not asserted as a means to overcome a procedural bar and did not include an underlying, independent constitutional violation. Petitioner's claimed innocence was the sole ground for relief. Under *Herrera* such a claim is not a proper ground for habeas relief. *Herrera*, 506 U.S. at 404 ("a claim of "actual innocence" is not itself a constitutional claim."); *see also Zuern v. Tate*, 336 F.3d 478, 482 n. 1 (6th Cir. 2003); *Noel v. Norris*, 322 F.3d 500, 504 (8th Cir. 2003) ("We do not think that *Herrera* offers anything to defendants advancing

freestanding claims of newly discovered mitigating evidence."); *Moore v. Casperson,* 345 F.3d 474 (7th Cir. 2003); *United States v. Quinones*, 313 F.3d 49, 67-68 (2d Cir. 2002); *Lucas v. Johnson*, 132 F.3d 1069 (5th Cir. 1998); *Stafford v. Saffle*, 34 F.3d 1557 (10th Cir. 1994).

In Petitioner's original brief accompanying his petition and his objections to the R&R, he attempts to argue that his claim falls under a purported "opening" in the *Herrera* court's opinion that would entitle him to habeas relief. This "opening" to *Herrera's* clear holding barring a claim of actual innocence based on newly discovered evidence, comes from the Supreme Court's dictum stating, "[w]e may assume . . . that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Herrera*, 506 U.S. at 417. This exception has been recognized in the lower federal courts. *See Clayton v. Gibson*, 199 F.3d 1162 (10th Cir. 1999); *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997); *see also Lefever v. Money*, 99-3040, 2000 WL 977305, *6 (6th Cir. July 6, 2000).

Even assuming such an exception exists, it affords Petitioner little assistance. First, under the AEDPA, on habeas review, the Court must apply the clear holding, not the dictum of *Herrera*. *See Williams*, 529 U.S. at 412 (holding that "clearly established federal law" in ADEPA means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions . . . ."). The opening in *Herrera* upon which Petitioner relies is clearly dicta. *See e.g.*

7

*Quinones*, 313 F.3d at 68 ("[T]he Court assumed, *only for the sake of its analysis*, that capital punishment of a person who is able to demonstrate his innocence *prior to execution* violates the Constitution, it made no such holding.") (emphasis in original). The Court cannot consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *See e.g.*, *Miskel v. Karnes*, 397 F.3d 446, 451 (6th Cir. 2005); *Miller v. Webb*, 385 F.3d 666, 671 (6th Cir. 2004); *Smith*, 385 F.3d at 998 (quoting *Doan*, 237 F.3d at 729).

Further, even if this exception had been adopted by the Supreme Court, it would not apply to this case. The dictum in *Herrera* was confined to a situation in which a petitioner in a capital case asserted a persuasive claim of actual innocence but did not have a state avenue available to process it. *Herrera*, 506 U.S. at 417. Petitioner was not convicted of capital murder and was not sentenced to death. In addition, he has been able to present his actual innocence claim in a post-conviction proceeding in state court. Therefore, Petitioner's final objection to the R&R is overruled.

Accordingly, although Petitioner's actual innocence claim may allow him to overcome the procedural bar of the statute of limitations pursuant to *Souter*, 395 F.3d at 602, Petitioner's application for the writ of habeas corpus fails on its merits and must be denied. An order will be entered consistent with this opinion.

Dated:   May 4, 2005          /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              CHIEF UNITED STATES DISTRICT JUDGE