UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| THOMAS CRESS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 5:04-cv-159 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CARMEN PALMER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This was a habeas corpus action brought by a state prisoner to overturn his conviction in 1985 in the Calhoun County Circuit Court for first-degree, felony murder. The habeas corpus petition, filed by the University of Michigan Clinical Law Program on September 23, 2004, raised three grounds for relief. First, petitioner asserted a due-process claim arising from the prosecution's destruction of allegedly exculpatory evidence in the year 1992, four years after conclusion of petitioner's direct appeal. Second, petitioner asserted a due-process violation arising from allegedly inadequate post-conviction review proceedings in the state courts. Finally, petitioner asserted a claim of actual innocence. By report and recommendation entered October 7, 2004, Magistrate Judge Joseph G. Scoville determined that the petition should be summarily denied pursuant to Habeas Rule 4, both because it was barred by the one-year statute of limitations under AEDPA and because petitioner's three grounds for relief were not cognizable in federal habeas corpus.

Petitioner's attorneys filed objections to the report and recommendation of the magistrate judge, which this court afforded *de novo* review. By opinion entered May 5, 2005, the court determined that the petition did not state a claim for habeas corpus relief under AEDPA, because petitioner's claims were not supported by clearly established federal law as determined by the Supreme Court of the United States, as required by 28 U.S.C. § 2254(d). The court therefore concluded that petitioner's application fails on its merits and must be denied. Because of intervening Sixth Circuit authority handed down after the magistrate judge's report and recommendation, the court did not rule on the question of the statute of limitations, but assumed that the petition was entitled to equitable tolling.

Petitioner's attorneys have now filed a notice of appeal and a motion for certificate of appealability as to all grounds. Under the revised provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability (formerly known as a certificate of probable cause). 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability as well. FED. R. APP. P. 22(b)(1); *accord Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir.), *cert. denied*, 520 U.S. 1224 (1997). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has rejected a habeas claim on the merits, section 2253(c) requires petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim [ ] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner's arguments must be assessed under the deferential standard required by 28 U.S.C. § 2254(d)(1): Relief may not be granted unless the state

court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Tennaco v. Dretke*, 124 S. Ct. 2562, 2569 (2004). When the claim is denied on procedural grounds, without consideration of the merits of the claim, the petitioner must show <u>both</u> that reasonable jurists would find it debatable that the petition states a valid constitutional claim <u>and</u> that they would "find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review of the record, the court concludes that a certificate of appealability should not issue. Review of petitioner's motion reinforces this court's previous conclusion that petitioner's claims for relief are not supported by clearly established federal law as required by 28 U.S.C. § 2254(d). This provision of AEDPA requires that a habeas petition be grounded in the holdings, as opposed to the dicta, of decisions of the United States Supreme Court and precludes reliance on lower court decisions. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Smith v. Stegall*, 385 F.3d 993, 998 (6th Cir. 2004). Petitioner's first claim, alleging a due-process violation arising from alleged destruction of exculpatory evidence long after trial and appeal, is not supported by any holding of the United States Supreme Court. Although the Court has held that wilful destruction of exculpatory evidence before trial can amount to a due-process violation, the court has never addressed, let alone decided, a case remotely resembling the present case. This court would be required to conjure up a new duty to maintain evidence indefinitely and then apply this novel duty to the alleged conduct of the prosecutors in this case. This kind of extension of the law beyond the holdings of the Supreme Court is precisely the type of innovation forbidden by AEDPA.

Petitioner's claim of due-process violations during post-conviction collateral proceedings is not only unsupported in Supreme Court authority, but is directly contrary to federal law. As noted in this court's previous opinion (docket # 9, p. 5), there is no right to collaterally attack a criminal conviction in the state courts, and errors in post-conviction proceedings are outside the scope of federal habeas corpus review. In his motion, petitioner now asserts that, despite this rule, the Constitution requires certain minimal safeguards during appellate review of post-conviction collateral proceedings. This argument, again, is a novel one, unsupported by any clearly established Supreme Court authority. Finally, petitioner's freestanding claim of actual innocence flies in the face of repeated pronouncements by the Supreme Court. As noted in this court's opinion (p. 6), actual innocence is not itself a constitutional claim, but may only provide a gateway for consideration on habeas corpus review of otherwise barred or stale claims. Petitioner's motion does not, and cannot, persuasively argue that the Supreme Court has ever recognized a freestanding claim of actual innocence in a habeas corpus proceeding. The best counsel can do is cite dissents of Supreme Court justices or Sixth Circuit judges. Petitioner's position is, in a word, inarguable under established Supreme Court authority. Accordingly:

IT IS ORDERED that petitioner's motion for certificate of appealability (docket # 12) be and hereby is DENIED.

Date:   June 2, 2005           /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               CHIEF UNITED STATES DISTRICT JUDGE